· [L. A. No. 531.   Department Two.—September 28, 1899.]

D. W. EDELMAN, Appellant, v. A..A. McDONELL et al.,
Respondents.

ACTION FOR SERVICES — EMPLOYMENT OF PHYSICIANS — STATEMENTS BY
FATHER OF SICK ADULT—FINDINGS—SUPPORT OF JUDGMENT.—In an
action for the services of physicians employed by an adult sick
person, whose father was made a codefendant, where it is found
that the physicians undertook the treatment on the employ-
ment of the sick person, a finding that the father afterward
made statements which caused them to believe that he would
pay for their services, which does not show that the statements
would justify such belief, or that the father intended they
should be so understood, or that the services would not have
been rendered if the statements had not been made, is not in-
consistent with a judgment in favor of the father, and cannot
aid an appeal therefrom.

ID.—ORAL PROMISE OF FATHER—PRESUMPTION UPON APPEAL.—Upon ap-
peal from the judgment in favor of the father, where it ap-
pears from the findings that during the treatment of the adult
sick person by the physicians the father orally promised to pay
for their services, but it does not appear that the sick person
resided with his father, or what services were rendered after
the promise was given, or what was the value thereof, it must
be presumed, upon appeal from a judgment in the father's fa-
vor, that there was no proof from which a finding could be
made on those matters, and the judgment must be affirmed.

ID.—BILL OF PARTICULARS—JUDGMENT-ROLL—AUTHENTICATION—CERTIFI-
CATE OF JUDGE—FILING.—A bill of particulars is no part of the judg-
ment-roll, and can only be brought up upon appeal by a bill of
exceptions; and, if not so authenticated, it is improperly printed
in the transcript, and cannot be considered as any part of the
record upon appeal. It cannot be authenticated by a mere cer-
tificate of the judge, that it is the only bill of particulars filed
in the case. The statute requires it to be delivered to the ad-
verse party; and does not require or expressly authorize it to be
filed; and such certificate does not constitute legal evidence
that the bill was ever demanded by or delivered to the adverse
party.

APPEAL from a judgment of the Superior Court of Los An-
geles County.   W. H. Clark, Judge.

The bill of particulars was authenticated by the certificate
of the judge, that it was "the only bill of particulars filed in
the case." Further facts are stated in the opinion of the court.

Max Loewenthal, for Appellant.

The oral promise of A. A. McDonell to pay for his said treatment was an original undertaking, not within the statute of frauds, as to all subsequent services rendered. (Civ. Code, secs. 2793, 2794; *White v. Mastin,* 38 Ala. 147; *Eddy v. Davidson,* 42 Vt. 56; *Chappell v. Barkley,* 90 Mich. 35; *Nesbitt v. Pioche etc. Works,* 22 Nev. 260; *Raabe v. Squier,* 148 N. Y. 81; *Pomeroy v. Patterson,* 40 Ill. App. 275; *James v. Carson,* 94 Wis. 632; *Crowder v. Keys,* 91 Ga. 180.) The credit may have been given to both parties as original promisors. (*Eddy v. Davidson, supra; Gibbs v. Blanchard,* 15 Mich. 292; *Wainwright v. Straw,* 15 Vt. 215; 40 Am. Dec. 675.)

Borden & Carhart, for Respondents.

Credit having been given for the employment to the adult son, the oral promise of the father was only a void guaranty. (*Harris v. Frank,* 81 Cal. 280, 286, and cases cited; *Engleby v. Harvey,* 93 Va. 440; *Haun v. Burrell,* 119 N. C. 544; *Chappell v. Barkley,* 90 Mich. 35; Browne on Statute of Frauds, secs. 197, 198.)

TEMPLE, J.—This action was brought upon a medical bill for services rendered by Dr. Edelman and Dr. Lasher in the treatment of defendant, W. F. McDonell.

All material allegations of the complaint are denied and the court finds in effect that A. A. McDonell is the father of the other defendant, who was, however, not a minor when the medical services commenced.

It is found that the services consisted of divers consultations, house visits, office visits, surgical operations, and surgical dressings extending over a period of six months, and were rendered in pursuance to the request of W. F. McDonell, made on the twenty-third day of February, 1894, "while the first of said consultations was in progress, and said plaintiff then and there undertook the treatment of said W. F. McDonell." After plaintiff had so undertaken the treatment, on the said twenty-third day of February, 1894, and at divers times thereafter during the treatment, A. A. McDonell "made statements to the plaintiff and to said George W. Lasher which led them to

believe, and from which they did believe, that he, the said A. A. McDonell intended and would pay for the treatment of said W. F. McDonell, and for their said services"; and they relied upon said statements and gave credit to A. A. McDonell "as well as to defendant W. F. McDonell." The court further found that at divers times during the course of said treatment, A. A. McDonell agreed to pay for the services rendered, but the statements and promises were not in writing. The court rendered judgment in favor of plaintiff against W. F. McDonell, but also against plaintiff and in favor of A. A. McDonell. Plaintiff appeals from this portion of the judgment which is in favor of A. A. McDonell, upon the judgment-roll.

The judgment must be affirmed. It is clearly found that W. F. McDonell contracted for the services, and that plaintiff and Dr. Lasher undertook the treatment on that employment. Afterward, the other defendant made statements which caused plaintiff and his assignor to believe that he would pay. It is not shown that such statements were made as would justify such belief, or that A. A. McDonell intended that they should so understand, or that they would not have rendered the service had such statements not been made. Perhaps the statements consisted in expressions of interest in the case, or were express oral guaranties of his son's solvency. There is nothing in that part of the finding which can help plaintiff.

It is not found what services were rendered after the promises to pay were made at divers times during the treatment. The first contract of employment having been made with W. F. McDonell, these promises were only to pay the debt of W. F. McDonell. There is no finding that the service would have been discontinued but for the promises, much less that they were made in view of a withdrawal from the case unless A. A. McDonell would be responsible.

It does not appear that W. F. McDonell was living with his father, or was being supported by him. For aught that appears they may have been living apart for years, and the son may have his own family and business. Had the father been taking care of him and actually supporting him as though he were still a member of his family, as minor children generally are of their parents' family, the presumptions might be very different.

I understand that a contract which a physician makes with his patient, whose case he undertakes, is usually one contract for the entire work, but it is immaterial in this case, for if the alleged promises were sufficient to make A. A. McDonell responsible for the visits made after such promises, still it does not appear what service was rendered after the promises, or the value of such service. We must presume that there was no proof from which such finding could be made.

The bill of particulars throws no light upon the case, and it is improperly in the transcript. Not being a part of the judgment-roll, it can only be brought here by a bill of exceptions. For many purposes a bill of particulars, when made in response to a statutory demand, is an amplification of the complaint. It makes plaintiff's demand more specific, and limits his proof to the items set out. The statute requires that it shall be delivered to the adverse party, and not a copy thereof, and does not require, or expressly authorize, it to be filed. The mode of its authentication in this case is entirely unwarranted. We have no legal evidence that such bill was ever demanded by or delivered to the adverse party.

Judgment affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.