VICTORIO DE LA ROSA, Plff.,

*v.*

SUCRERIE CENTRALE COLOSO DE PORTO RICO, Dft.

---

San Juan, Law, No. 1150.

BILL OF PARTICULARS.

Bill of Particulars—Statute of Limitations.
    1. Unless the Statute of Limitations is pleaded it is considered waived, and to enable a defendant to plead the statute the complaint must definitely state the date of the origin of an account.

Bill of Particulars—Discretion of Court.
    2. The granting of an application for a bill of particulars is within the broad judicial discretion of the court.

Opinion filed February 8, 1917.

---

*Messrs. Francis & Soto* for plaintiff.

*Messrs. Dexter & Almiroty* for defendant.

De la Rosa v. Sucrerie Centrale Coloso.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case is for commissions claimed to have been earned by the plaintiff in securing cane contracts for the defendant under a contract with the plaintiff dated December 23, 1907, the commissions to be 1 cent for every hundred pounds of sugar cane secured by intervention of the plaintiff, this arrangement being confirmed in 1908 and 1909. The defendant demands a bill of particulars under § 124 of the Code of Civil Procedure. The plaintiff denies that the suit is on an account within the meaning of the statute, and alleges that the books containing the results of the contract were kept by the defendant itself, and are within the knowledge or control of the plaintiff.

1. The Code of Civil Procedure of Porto Rico is substantially the same as that in force in California, and indeed both come from a common source. Section 124, governing the subject of bill of particulars, is as follows:

"It is not necessary for a party to set forth in pleadings the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof. The court or judge thereof may order a further account than the one delivered if it is too general, or is defective in any particular."

This is practically identical with § 454 of the California Code of Civil Procedure, and is to be similarly construed. The word "account" used applies to almost every demand upon a contract consisting of several items. Long Beach City School Dist. v. Dodge, 135 Cal. 401, 67 Pac. 499. To the same effect

De la Rosa v. Sucrerie Centrale Coloso.

is Barkley v. Rensselaer & S. R. Co. 27 Hun, 515, the Code of Civil Procedure of New York and that of California being much the same. For many purposes a bill of particulars under the statute is an amplification of the complaint. It makes the demand more specific and limits proof to the items set out. Edelman v. McDonell, 126 Cal. 210, 213, 58 Pac. 528; Chapman v. Bent, 6 Cal. Unrep. 740, 65 Pac. 961.

The ground urged for a bill of particulars in this instance is that some of the items may antedate the period of limitations. It is true that the defense of the Statute of Limitations is one which must be pleaded. A claim once accrued is good indefinitely unless the defense of the statute is raised. A claim is not ipso facto barred because it appears to antedate the period of limitations fixed by statute. The statute must be pleaded. In order that this may be done, it follows that the complaint must be definite as to date of the origin of the claim, otherwise the defendant has not sufficient notice to cause him to plead the statute. A complaint should show not only the nature and character of the claim, but the period within which it arose. Sutherland, Code Pl. § 4455.

2. The subject, moreover, is within the broad judicial discretion of the court, to be employed with the view of enabling parties to prepare their pleadings in evidence for the trial of the real issues involved, while not, on the other hand, imposing unnecessary labor on any party. Butler v. Mann, 9 Abb. N. C. 49. The granting of the application for the bill of particulars is therefore discretionary with the court. Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337; People v. Tweed, 63 N. Y. 194.

If the defendant has the means of obtaining the information,

De la Rosa v. Sucrerie Centrale Coloso.

there is no reason for ordering the plaintiff to furnish it to him. Ferry v. King County, 2 Wash. 337, 26 Pac. 538. It cannot be said, however, that in this case the pleadings show that the information is all within the knowledge of the defendant alone, as was stated on the argument. The defendant has the right to know whether or not the plaintiff intends to include in his suit any items beyond the Statute of Limitations. The discretion of the court could not be exercised in favor of the plaintiff so as to leave the defendant in doubt as to his proper pleadings.

It follows that the motion must be granted to the extent of requiring the plaintiff to specify within what years arose the causes of action now sued on. This does not apply to any further itemization.

It is so ordered.