[Civ. No. 2953. Third Appellate District.—June 21, 1926.]

## W. W. ELMORE, Respondent, v. J. M. TINGLEY, Appellant.

[1] PROMISSORY NOTES — PARTNERSHIP — MOTION FOR JUDGMENT ON PLEADINGS—PROPER DENIAL OF.—In an action upon a promissory note alleged to have been made and delivered to plaintiff by the defendant and a partnership (of which plaintiff and defendant had been members), the trial court properly denied defendant's motion for a judgment on the pleadings made upon the ground that the note grew out of and constituted a partnership transaction, and that an action cannot be maintained by one partner against another involving the partnership affairs in the absence of allegations in the complaint showing that there has been an accounting and settlement of the partnership accounts, where the complaint sufficiently stated a cause of action on said note, and its setting up in haec verba of an agreement dissolving the partnership was surplusage, so far as the action on the note was concerned.

[2] ID.—JUDGMENT ON PLEADINGS—MOTION FOR—MATTERS TO BE CONSIDERED.—Upon a motion for a judgment upon the pleadings, nothing can be considered but the complaint itself; nothing de-

2. See 21 Cal. Jur. 240; 21 R. C. L. 594.

*hors* the complaint, nor any defense thereto set up in the answer, can be taken into account in disposing of such a motion, but the motion is to be determined upon the same principles as would be a demurrer to the complaint upon the same ground. All the facts alleged are admitted for the purposes of the motion and the court is to determine whether these facts constitute a cause of action; and if the necessary facts are contained in the complaint, the objection that they are defectively set forth or are in an ambiguous or uncertain form will be unavailing.

[3] Id.—Pleading — Demand for Copy of Account — Typewritten Carbon Copy—Typewritten Signature.—Neither the fact that a demand for a copy of an account set up by the defendant is a typewritten carbon copy nor the fact that at the end of the demand the name of the attorney is typewritten over the words "Attorney for Plaintiff," renders the demand insufficient.

[4] Id.—Section 454, Code of Civil Procedure—Construction.—Section 454 of the Code of Civil Procedure, dealing with a bill of particulars, does not describe a particular form of the demand which must be served upon the party from whom a copy of the account is demanded; but it must be in writing, and it should either be signed by the party making the demand or contain some other clear *indication* that the party making it is the party against whom the account is set up.

[5] Id.—Demand for Bill of Particulars—Filing Unnecessary.—It is not necessary to file the demand in the office of the clerk of the court with the files and papers in the action, or at all, since the statute does not so provide.

[6] Id.—Object of Demand.—The object of the demand is to secure to the party making it reasonable notice of the items constituting the claim which he is required to meet so that he may prepare for trial.

[7] Id.—Nonsuit—Proper Denial of.—In such action, defendant's motion for a nonsuit on the ground that it was by plaintiff's evidence shown that the obligation sued on "was a partnership obligation and that this was a suit between partners" was properly denied.

---

(1) 31 Cyc., p. 608, n. 51.   (2) 31 Cyc., p. 68, n. 76, p. 606, n. 26, 28, p. 607, n. 35, p. 608, n. 51, p. 665, n. 3.   (3) 3 C. J., p. 1335, n. 68.   (4) 1 C. J., p. 655, n. 12.   (5) 1 C. J., p. 655, n. 12.   (6) 1 C. J., p. 655, n. 12.   (7) 4 C. J., p. 883, n. 33; 31 Cyc., p. 590, n. 18.

6.   See 1 Cal. Jur. 159; 21 Cal. Jur. 70.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clyde Thomas for Appellant.

James T. Matlock for Respondent.

HART, J.—This is an action on a promissory note, alleged to have been made and delivered to the plaintiff by the defendant and "Tingley & Elmore." Certain payments were made upon the note which reduced the principal sum claimed to be due thereon at the time of the institution of the action to the sum of $600, for which sum, with interest, judgment was prayed.

The plaintiff and the defendant, for a number of years prior to the making of the note in suit, were engaged as partners in a mercantile business in Los Molinos, Tehama County. On March 12, 1921, the parties executed a written agreement dissolving said partnership. This agreement, it seems, was at least a part of the consideration for the dismissal of a suit or an action brought in the superior court of Tehama County by Tingley against the plaintiff herein and certain other parties. The nature or the specific object of said suit or action is not explained by this record. However, the agreement referred to provided for the dissolution of the copartnership relation between the plaintiff and the defendant in the prosecution of the mercantile business adverted to above, and further provided: That defendant "has bought from W. W. Elmore . . . " the said mercantile business, together with the store building in Los Molinos in which said business was conducted, the lot on which said building stood, and all the merchandise, book accounts, goodwill, and all other assets pertaining to said business; that defendant was to "assume and save the said W. W. Elmore and D. A. Elmore and his wife, from all obligations now owing by the said firm of Tingley & Elmore," except a certain account held against the firm by one Buffum; that Elmore was to receive and "has received from said J. M. Tingley and Henrietta Tingley, his wife, a deed" to certain described lots situated in the "L. W. Nelson Tract" and in the town of

Anderson, Shasta County, said lots being at the time of the dissolution owned by the firm of Tingley & Elmore; that the defendant "has paid to the said W. W. Elmore and D. A. Elmore, his wife, a certain $2,000.00, now held by Andrew Shafer in compliance with that certain memorandum executed on the 27th day of January, 1920, the receipt of which is hereby acknowledged, and has executed to the said W. W. Elmore and D. A. Elmore, his wife, a second mortgage for one thousand dollars on the property now held by Mrs. Tingley in Anderson," describing the same. There are some other stipulations in the agreement which it is not deemed necessary to recite herein.

The complaint, besides pleading the promissory note and alleging payment of certain sums thereon and nonpayment of the balance alleged to be due by reason thereof, sets out said agreement *in haec verba*, but contains no reference by averment to the agreement, unless the following may be so construed: "That, on the 12th day of March, 1921, the defendant agreed in writing to assume all obligations legally owed by the firm of Tingley and Elmore."

The defendant filed an answer, together with what is designated in his pleading as a "cross-complaint." The answer denies the execution and delivery of the note set forth in the complaint by Tingley to plaintiff, and also denies other of the essential allegations of the complaint.

The so-called cross-complaint alleges the fact that plaintiff and the defendant for many years prior to and up to March 12, 1921, conducted a business as copartners at Los Molinos; that during the existence of such partnership "and on the 29th day of December, 1920," plaintiff became and was indebted to said copartnership in the sum of $1,020.51 "for goods, wares and merchandise, consisting of groceries, dry goods, general merchandise and cash advanced, sold and delivered by the said partners of Tingley & Elmore to the said W. W. Elmore," etc. That averment is followed by allegations to the effect that the said partnership existing between the defendant and the plaintiff was, by the written agreement pleaded in the complaint, dissolved on the twelfth day of March, 1921, that by the terms of said agreement all assets, including book accounts, belonging to the said firm, "were sold, assigned and set over to J. M. Tingley, defendant herein," and that "among the accounts thus sold and

assigned to the said J. M. Tingley by the said agreement was the account above referred to owing from the said W. W. Elmore to the firm of Tingley & Elmore''; that no payment or payments has or have been made by said Elmore (plaintiff) on said account, etc. The agreement is by the so-called cross-complaint annexed to and made a part thereof. A "second cause of cross-complaint" is set up in said pleading upon information and belief and is to the effect that, since the termination of the copartnership theretofore existing between said Tingley and the plaintiff, as above explained, the plaintiff "has collected and converted to his own use certain accounts owing to the firm of Tingley & Elmore and which were by said agreement sold and assigned to Tingley," particularly the sum of $230.08 owing to said firm by one Mrs. L. E. Little, and which sum, it is alleged, plaintiff has never paid or accounted for to said J. M. Tingley. The prayer is that "the plaintiff take nothing by his action and that he, the said defendant, be given judgment against said W. W. Elmore, plaintiff herein, for the sum of $1,250.59."

No answer was interposed to the so-called cross-complaint, the trial court holding that the "pleading" filed in connection with the answer involved counterclaims and that, consequently, no answer was necessary, a proper ruling if the premise is correct.

Judgment passed for the plaintiff for the amount sued for and the defendant appeals upon a record prepared in accord with section 953a of the Code of Civil Procedure.

[1] When the case was called for trial, and before the taking of testimony was begun, defendant moved for judgment on the pleadings, basing the motion on the ground that both the complaint and the answer showed that the obligation evidenced by the note declared upon grew out of and constituted a partnership transaction, and that an action cannot be maintained by one partner against another involving the partnership affairs in the absence of allegations in the complaint showing that there has been an accounting and settlement of the partnership accounts, citing *Dukes* v. *Kellogg,* 127 Cal. 563, 564 [60 Pac. 44]. The motion was denied and properly so. [2] The settled rule is that, upon a motion for a judgment upon the pleadings, nothing can be considered but the complaint itself. Nothing *dehors* the com-

plaint, nor any defense thereto set up in the answer, can be taken into account in disposing of such a motion, "but the motion is to be determined upon the same principles as would be a demurrer to the complaint upon the same ground. All the facts alleged are admitted for the purposes of the motion, and the court is to determine whether these facts constitute a cause of action. If the necessary facts are contained in the complaint, the objection that they are defectively set forth, or are in an ambiguous or uncertain form, will be unavailing. There must be an entire absence of some fact or facts essential to constituting a cause of action." (*Hibernia Sav. & Loan Soc.* v. *Thornton,* 117 Cal. 481, 482 [49 Pac. 573, 574] ; see, also, *Kelley* v. *Kreiss,* 68 Cal. 210, 212 [9 Pac. 129] ; *DeToro* v. *Robinson,* 91 Cal. 371, 373 [27 Pac. 671].) The complaint here states a good cause of action on the promissory note set out therein. Every fact essential to the statement of such a cause of action is alleged, to wit: That defendant and the partnership executed and delivered the note to plaintiff; that plaintiff is the owner and holder thereof and that the balance remaining due on the principal sum thereof, after deductions of certain payments, is now due and payable, and that defendant has refused and still refuses to pay the same, although demand for such payment has been made. The pleading in the complaint of the agreement dissolving a partnership relation existing between the plaintiff and the defendant was not necessary to the statement of a cause of action for the relief sought, but the effect of the agreement as pleaded was neither to add to nor detract from the force of the facts constituting the statement of a cause of action for the recovery of the balance alleged to be due on the note. The agreement, as it is pleaded, is surplusage, so far as the action on the note is concerned. In view of the obvious object of the action, and the manner in which the agreement is pleaded, if it may properly be said to be "pleaded," it is puzzling to determine the reason or the purpose for inserting it in the complaint. If, however, the purpose of incorporating it in the complaint was to show the circumstances under which the obligation arose or originated (which was not necessary to the statement of a cause of action on the note), as set forth in the complaint it falls far short of accomplishing that purpose. In other

78 Cal. App.—30

words, if it be assumed that the pleading of the agreement was or is material or necessary to show that such was its purpose, the complaint would be wholly wanting in the statement of the purpose or the fact that the note sued on grew out of the transaction referred to in the agreement. There is in the complaint no explanation whatever disclosing any connection between the note and the matter with which the agreement is concerned. There is no averment to the effect that the making and delivery of the note to plaintiff was the culmination of the agreement of dissolution of the partnership, if it be assumed that that fact would have any material bearing on plaintiff's cause of action on the note. The only allegation in the complaint from which, by some stretch of the imagination, it might be inferred that the note was the outgrowth of the transactions mentioned in the agreement, is the following: "That on the 12th day of March, 1912, the defendant agreed in writing to assume all the obligations of the firm of Tingley and Elmore." But that allegation neither directly nor even inferentially involves the statement that the obligation sued on is or was among the obligations of the firm which were assumed by defendant. But, as stated in the outset, the agreement would be out of place in the complaint, even if it be true (as the evidence shows is the fact) that the note in suit was among the obligations concerned with the agreement dissolving the partnership, since, manifestly, the fact of the making of the agreement and the terms and conditions thereof can be in their nature evidentiary only, or matters to be proved and not to be pleaded, assuming that they have in one way or the other any material relation to the obligation upon which this action is founded or to the right of plaintiff to recover thereon.

[3] The point next made by defendant arose below as follows: As seen, the defendant filed, with his answer, a document which he designated therein as a "cross-complaint," and which the court below held to involve nothing more than the pleading of counterclaims. There is no point made here that the court erred in so holding. Hence, we will treat the claims set up in the part referred to of defendant's pleading as counterclaims. It will be noted that the counterclaim first set up by defendant is founded upon an alleged indebtedness of plaintiff to defendant in

the sum of $1,020.51, alleged to be due "said copartner-ship of Tingley & Elmore" for "goods, wares, and mer-chandise, consisting of groceries, dry goods, general mer-chandise and cash advanced, sold and delivered by the said partnership . . . to the said W. W. Elmore," etc. On the eighth day of October, 1924, the plaintiff, through his counsel, served or caused to be served on defendant, through his counsel, a typewritten demand, dated October 24, 1924, that said defendant, within five days from the date of the service thereof, deliver to plaintiff "a copy of the account and moneys referred to in the counter-claim set forth in your answer in this action, in accord-ance with section 454 of the Code of Civil Procedure." It appears from the record—in fact, by admission of counsel for plaintiff—that an original and a carbon copy of the demand were prepared; that counsel for plaintiff caused the original to be filed in the office of the clerk of the court with the papers and files of the action, and the carbon copy, with the name of plaintiff's attorney, typewritten, at the end of or underneath the demand, to be served on defendant. Due service of this copy on the eighth day of October, 1924, was attested by the affidavit of the office clerk of plaintiff's attorney. In fact, the attorney for defendant admitted that he was served with the purported demand. But no heed was paid thereto by the defendant or his counsel. In other words, a copy of the account upon which the counterclaim first alleged in defendant's answer was founded was not furnished or delivered to plaintiff or his attorney by defendant or his attorney. When defend-ant, at the trial, offered evidence to prove said alleged counterclaim, objection by counsel for plaintiff to any evi-dence being given or received in support of said claim on the ground that the demand for a copy of the account out of which said claim arose was not complied. with by de-fendant was sustained by the court. Defendant here vigor-ously contends that the demand was wholly void and of no effect for two reasons and that he was not required to furnish a copy of the account upon a purported demand which in law was no demand at all. The two reasons are: 1. That the law contemplates that the original and not a carbon or other copy of the demand shall be served upon the party setting up the claim and from whom a copy of

the account is demanded; 2. That the law requires that the party entitled to and making the demand for a copy of the account shall subscribe in his own handwriting his name to the demand.

So much of section 454 of the Code of Civil Procedure as is pertinent to the present inquiry reads: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within five days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof."

[4] The above section does not, as will be noted, prescribe a particular form of the demand which must be served upon the party from whom a copy of the account is demanded; but it must, of course, be in writing, as the section so declares, and, although the section does not expressly so provide, it should either be signed by the party making the demand or contain some other clear indication that the party making it is the party against whom the account is set up, since, obviously, the party upon whom the demand is made is entitled thus to be furnished with information from which he can determine whether the demand is made· by a party entitled to be furnished with a copy of the account upon which the cause of action stated in the complaint is based. [5] Nor is it necessary to file the demand in the office of the clerk of the court with the files and papers in the action, or at all, since the statute does not so provide. But it is difficult to find a substantial reason for holding that the document served upon defendant by plaintiff as a demand for a copy of the account from which the counterclaim first set up in the answer arose is not sufficient as such a demand merely because it was a carbon copy of the original document or demand prepared by the plaintiff. [6] The object of the demand is, obviously, to secure to the party making it reasonable notice of the items constituting the claim which he is required to meet so that he may prepare for trial. (*Ames* v. *Bell,* 5 Cal. App. 1, 4 [89 Pac. 619].) The code section, as stated, prescribes no set form for the demand; nor is there anything therein about "original" and "copies" of the demand to which it refers. In other words, there is nothing in said section which, in terms, provides for the making of

an "original" written demand or a "copy" of a written
"original" demand. While, of course, the party making it
may make a copy for his own convenience and use, a mat-
ter which he is to determine for himself, there is, so far as
the object of the demand or the law authorizing it to be
made is concerned, no occasion for both an original and a
copy of the demand, since, as seen, the demand is not
required to be filed. It is plainly apparent, therefore, that
where the demand has been written on two different sheets
of paper, one directly on a sheet and another reproduced
from the other by carbon process, it is entirely immaterial
which of the two is served on the party upon whom the
demand is to be made. When served, the one is as much
the original as the other, so far as the purposes of the ser-
vice are concerned. In other words, either will effectually
serve the purpose contemplated by the statute. As before
suggested, all that is required by the statute, under a
rational construction thereof, is that the party counting upon
the account be given such notice of what is demanded of
him by the adverse party as will clearly inform him of the
particular account referred to in the demand and enable
him to know that it is the one pleaded by him and that the
party demanding the copy is the adverse party in suit, and,
therefore, entitled to such copy. This being done, it is
wholly immaterial whether the demand is in typewriting or
in the handwriting of the demandant, or in point of fact
a carbon or other reproduction of an original draft of the
demand. The case of *Edelman* v. *McDonnell*, 126 Cal. 210
[58 Pac. 528], cited by appellant as supporting the proposi-
tion that the "original" and not a copy of the demand must
be served on the party suing on the account, is not an
authority for the position thus taken. In fact, that case
makes no reference to the demand for a copy of the account
therein sued on, except to say that "we have no legal evi-
dence that such a bill (of particulars) was ever *demanded*
by or delivered to the adverse party." The particular
language of the opinion in that case which counsel seems
to think directly supports his contention that, to make the
demand legal, the "original" and not a carbon "copy" of
the demand must be served upon the party declaring upon
an account alleged in a general way, is the following: "The

statute requires that it shall be delivered to the adverse party, and not a copy thereof, and does not require, or expressly authorize it to be filed.'' In using that language the court was referring to the bill of particulars, and not to the demand for the bill or a copy of the account sued on.

Nor do we think that the fact that the attorney for the plaintiff caused his name to be attached to the demand in typewriting rather than subscribing it thereto in his own handwriting made the demand or the service thereof any the less legally effective. The demand contained the title of the court and the cause, and underneath the typewritten name thereon of counsel for plaintiff were the words ''attorney for plaintiff,'' indicating that the said attorney was regularly acting for plaintiff in the litigation and for the latter had the legal right to make the demand. The necessity, if it be necessary, that the demand be subscribed by the party making it is deducible by implication only, since section 454 does not expressly require the name of the demandant to be subscribed to the document. For this reason we think that the adoption by the attorney for plaintiff of the typewritten method of attaching his name to the demand at the bottom thereof was sufficient (*Ligare* v. *California S. R. R. Co.*, 76 Cal. 610, 611 [18 Pac. 777]), and that the demand thus signed by the attorney served the purpose of such a document as fully and effectually as it could have done had the name of the attorney been subscribed to the document in his own handwriting. It would be idle to argue that the attorney for defendant did not know what the demand meant or was intended to accomplish or what was expected and required thereby of him or his client.

The failure of the defendant to deliver to the plaintiff within the time required a copy of the account upon which the counterclaim first set up in the answer was based justified the trial court, in the exercise of its discretion, in refusing to allow defendant to introduce evidence tending to prove the account. As to the counterclaim secondly set up by defendant, the trial court ruled that the said demand had no reference or application thereto, and, therefore, permitted defendant to introduce evidence in support thereof.

[7] It is next insisted that it was error to deny the motion for a nonsuit by defendant made on the close of the

plaintiff's case upon the ground that it was by plaintiff's evidence shown that the obligation which is the basis of the cause of action stated in the complaint "was a partnership obligation and that this was a suit between partners." This contention cannot be sustained. Indeed, it is not consistent with the defendant's own statement in his brief of the facts developed by the evidence presented by the plaintiff. That statement is: "On the trial it developed, over the objection of the defendant, that the plaintiff and defendant had for a great many years been associated together as partners in business in Tehama county. That during the said time certain moneys had been advanced for the use of the firm by W. W. Elmore, one of the partners, and that as proof of said moneys advanced, defendant, J. M. Tingley, had executed a note for and on behalf of the copartnership and had given it to the plaintiff, W. W. Elmore, which note is the basis of this action."

The foregoing statement, candidly made by counsel for the appellant, is in accord with the evidence introduced by the plaintiff, and clearly shows that the court was legally without authority to grant the motion for a nonsuit. It will not be doubted that, upon the situation as to the evidence so disclosed, the plaintiff, no less than a stranger to a partnership to which he has loaned or advanced money, has the right to maintain an action against the partnership for any money he in his individual capacity loaned to it. The action upon the claim would, of course, be subject to any defense which the partnership might be able legitimately to interpose against recovery thereon or the right of the partnership to set up any counterclaim or offset that it might be able to set up against recovery by plaintiff on his claim, either in whole or in part.

The findings are sufficiently supported. There was testimony offered by defendant and received into the record tending to establish the counterclaim secondly set up in the answer. The defendant also testified that the obligation evidenced by the note in suit was covered by another obligation in favor of plaintiff and against the defendant and the partnership which had been paid and satisfied. All this evidence, however, was contradicted by the plaintiff, and thus there was created the evidentiary conflict upon those

matters which it is always solely the function of the trier of the facts to resolve and settle.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.