[No. F013111. Fifth Dist. July 2, 1990.]

ANDY RODRIGUEZ, a Minor, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
GLENBROOK LABORATORIES, Real Party in Interest.

COUNSEL

Peter J. McNulty and Douglas D. Maner for Petitioners.

No appearance for Respondent.

Haight, Brown & Bonesteel, Michael J. Bonesteel, Robert L. Kaufman and Jeffrey B. Margulies for Real Party in Interest.

OPINION

STONE (W. A.), J.—Petitioners (plaintiffs)[1] ask us to determine that the holding of the Supreme Court in *Brown* v. *Superior Court* (1988) 44 Cal.3d

---

[1] Although real party in interest's return to the petition for writ of mandate indicates Nancy Rodriguez is no longer a party plaintiff in the principal action, she was a party at the time

1049 [245 Cal.Rptr. 412, 751 P.2d 470], abolishing strict liability for the manufacture of a prescription drug, should not be extended to cases of certain nonprescription medications. We will conclude such a consideration is premature. Plaintiff properly pled a cause of action for strict products liability and the trial court erroneously granted the motion for judgment on the pleadings of real party in interest (defendant).

## THE CASE AND THE FACTS

Andy Rodriguez, a minor, and Nancy Rodriguez, individually and as the minor's guardian ad litem, are plaintiffs in an action pending in the superior court against several health care providers and defendant, a manufacturer of baby aspirin. The complaint alleges plaintiffs suffered damages when Andy ingested baby aspirin, causing Reyes Syndrome and leaving him severely and permanently injured. The complaint seeks recovery from defendant based in part on a theory of manufacturer's strict liability. The portion of the complaint relevant to our discussion of that theory reads: "On or about . . . 4/26/86—4/30/86 plaintiff was injured by the following product: Orange flavored Bayer Chewable Children's Aspirin, Lot No. 6B301, expiration date, 9/93[.]

" . . . Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. *The product at the time of injury was being . . . used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.*" (Italics added.)

These allegations pertain to *all* counts of the second cause of action entitled "Products Liability." Count one of the second cause of action alleges strict liability as follows: "Count One—Strict liability of the following defendants who (a) manufactured or assembled the product . . . . : The Bayer Company, Glenbrook Laboratories, Division of Sterling Drug, Inc., (hereafter 'Bayer') . . . (b) designed and manufactured component parts supplied to the manufacturer . . . : Bayer . . . (c) sold the product to the public . . . : Bayer . . . ."

The trial court granted defendant's motion for judgment on the pleadings regarding the strict liability cause of action. Its order stated, in part: "While it is self-evident that the rationale of *Brown v. Superior Court* (1988) 44 Cal 3d 1049 cannot be applied willy-nilly to all over-the-counter medications

---

the petition to this court was filed. Nothing in the record before us indicates she is no longer a plaintiff or that there has been a substitution of guardian ad litem for the minor. Thus, we treat her as one of the parties to this proceeding.

and nostrums, it is logical to apply it to aspirin, given its status as a beneficial drug whose efficiency is still being investigated in certain applications, and which carries with it certain well-known and unavoidable risks."

## DISCUSSION

In determining the correctness of the trial court's granting of the judgment on the pleadings, it is important we keep in mind that we consider only the particular pleading before the trial court and whether it states a cause of action upon which plaintiffs may proceed.

 "The standard of review for a judgment on the pleadings is the same as for a judgment following sustaining of a demurrer; we look only to the face of the pleading under attack. [Citations.] The complaint cannot be attacked by reference to matters set forth in the answer. [Citations.] All facts alleged in the complaint are admitted for purposes of the motion and the court determines whether these facts constitute a cause of action. [Citations.] The court may also consider matters subject to judicial notice. [Citations.]" (*Hughes* v. *Western MacArthur Co.* (1987) 192 Cal.App.3d 951, 954-955 [237 Cal.Rptr. 738].)

The stage of the proceedings at which we are called upon to decide the propriety of the pleading is critical. The question before us is simply whether plaintiffs have stated a cause of action for strict products liability against the manufacturer of the baby aspirin. We believe they have. Plaintiffs' pleading provides (1) the use of the aspirin was reasonably foreseeable by defendant, (2) the use involved a substantial, foreseeable danger, and (3) adequate warnings were not given.

The pleading falls squarely within the definition of the elements of strict products liability set forth in *Brown* v. *Superior Court, supra,* 44 Cal.3d 1049, and *Finn* v. *G. D. Searle & Co.* (1984) 35 Cal.3d 691 [200 Cal.Rptr. 870, 677 P.2d 1147]. The distinction between prescription and nonprescription drugs is unimportant at this point in the case.

First, we look at *Finn*. Plaintiff appealed following a jury verdict in favor of the manufacturer of a prescription drug. The theory upon which plaintiff had presented the strict liability portion of his case was that the manufacturer "failed 'to give adequate warning' of the risks of optic nerve atrophy; . . . " (*Finn* v. *G. D. Searle & Co., supra,* 35 Cal.3d at p. 695.) On appeal, plaintiff contended the trial court erroneously introduced negligence principles into his case by altering his proposed jury instructions in certain ways. The Supreme Court noted strict liability cases include those involving a failure to warn: " 'Failure-to-warn' cases involving claims that the

manufacturer knew or should have known of the asserted danger and accordingly should have supplied a warning have been subject in California to a distinct form of analysis in the strict liability arena. The unique nature of the 'defect' within this context was recently well described as follows: '[*T*]*he jury* cannot compare the product with other units off the same assembly line, nor can they at least weigh the reasonableness of the design against alternative designs presented by the plaintiff [citation]. Instead, they *must decide whether a product flawlessly designed and produced may nevertheless possess such risks to the user without a suitable warning that it becomes "defective" simply by the absence of a warning.*' (*Cavers* v. *Cushman Motor Sales, Inc.* (1979) 95 Cal.App.3d 338, 347 [157 Cal.Rptr. 142].

"The requisite warning may be of two kinds, each of which may have different implications. (See Prosser, Law of Torts (4th ed. 1971) § 99 at p. 659; contrast dis. opn. at p. 723 lumping all warnings together.) First, the manufacturer may be required adequately to instruct the consumer as to how the product should be used. For example, in *Midgley* v. *S.S. Kresge Co.* (1976) 55 Cal.App.3d 67 [127 Cal.Rptr. 217], strict liability was imposed when the manufacturer failed to advise users on the proper use and assembly of a telescope, thereby causing serious eye injury to the plaintiff. *A second distinctive form of warning is that which informs a consumer* (or, in the case of prescriptions drugs, the physician) *of potential risks or side effects which may follow the foreseeable use of the product.* [Citations.]" *Finn* v. *G. D. Searle & Co., supra,* 35 Cal.3d at p. 699, italics added.)

Plaintiffs, in their allegations regarding baby aspirin, have pleaded precisely in conformity with the requirements set out in *Finn.*

Defendant manufacturer relies upon the second of the two cases important to this issue, *Brown* v. *Superior Court, supra,* 44 Cal.3d 1049. Yet, the *Brown* court recognizes that aspect of strict products liability for prescription drugs discussed in *Finn*—liability for failure to warn: "In conclusion, and in accord with almost all our sister states that have considered the issue, we hold that a manufacturer is not strictly liable for injuries caused by a prescription drug *so long as the drug was* properly prepared and *accompanied by warnings of its dangerous propensities* that were either known or reasonably scientifically knowable at the time of distribution." (*Brown* v. *Superior Court, supra,* 44 Cal.3d at p. 1069, fn. omitted, italics added.)

Because plaintiffs' allegations in their complaint for strict products liability are sufficient, the court erroneously granted defendant's motion for judgment on the pleadings. The question whether, absent evidence of a failure to warn of a known or reasonably foreseeable danger, plaintiffs are entitled to recover on a strict products liability theory was not before the trial court,

nor is it before us. The complaint alleges an absence of warning, and we accept that allegation as true for the purpose of testing the pleading. (*Hughes* v. *Western MacArthur Co., supra*, 192 Cal.App.3d at pp. 954-955.)

DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order granting judgment on the pleadings and to enter an order denying real party in interest's motion for judgment on the pleadings. Costs in this proceeding are awarded to petitioners.

Best, Acting P. J., and Vartabedian, J., concurred.

A petition for rehearing was denied on August 1, 1990, and the following opinion was then rendered:

**STONE (W. A.), J.**—We recognize the problems of practical application for the trial courts created by a cause of action for strict liability based upon a failure to warn of a reasonably foreseeable risk. However, the problem lies not with this court's opinion, but with *Brown* v. *Superior Court* (1988) 44 Cal.3d 1049 [245 Cal.Rptr. 412, 751 P.2d 470] and *Finn* v. *G. D. Searle & Co.* (1984) 35 Cal.3d 691 [200 Cal.Rptr. 870, 677 P.2d 1147], by which we are bound.

Best, Acting P. J., concurred.

A petition for a rehearing was denied August 1, 1990, and the petition of real party in interest for review by the Supreme Court was denied September 19, 1990.