Filed 10/12/21  Madhok v. Fidelity National Title Company CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DEVINDER SINGH MADHOK,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FIDELITY NATIONAL TITLE COMPANY,<br><br>    Defendant and Respondent. | A162163<br><br>(Alameda County<br>Super. Ct. No. HG19042274) |

Devinder Madhok appeals in propria persona from a judgment on the pleadings in favor of Fidelity National Title Company (Fidelity), concluding Madhok's complaint was barred by the statute of limitations.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2017, Madhok filed a small claims complaint against Fidelity for its failure to identify an outstanding lien on his property.  Madhok sought $10,000.00 in damages for, among other things, loss of an existing contract to sell the property.  The court entered a judgment in favor of Fidelity.

In November 2019, Madhok filed a superior court complaint against Fidelity.  He claimed Fidelity breached the covenant of good faith and fair dealing by failing to deliver an accurate title report.  This failure, Madhok

1

alleged, resulted in damages that Fidelity refused to cover under his title policy.

Fidelity moved for judgment on the pleadings, arguing Madhok's claims were barred under the two-year statute of limitations for contract disputes. (See Code Civ. Proc.,[1] § 339, subd. (1).) Madhok argued the statute of limitations was equitably tolled during the pendency of his small claims action. In a November 2020 tentative ruling, the trial court rejected Madhok's argument and dismissed his complaint with prejudice. After Madhok did not contest the ruling, the trial court adopted its tentative decision.

Madhok filed a motion to "set aside the Dismissal," arguing he was deprived of an opportunity to contest the tentative decision. After a hearing considering Madhok's arguments, the trial court denied the motion and stated "the Court affirms its tentative ruling and grants Defendant's motion for judgment on the pleadings, for the same reasons set forth in the Court's prior" November 2020 order.

## DISCUSSION

Madhok argues the trial court erroneously granted Fidelity judgment on the pleadings because he timely filed his complaint.[2] We disagree.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The notice of appeal filed by Madhok only appeals from an "order *after* judgment under Code of Civil Procedure, § 904.1 (a)(2)" (italics added)— presumably the denial of his "motion to set aside the Dismissal"—and did not appear to appeal from the judgment. Although appeals are " ' "limited in scope to the notice of appeal and the judgment or order appealed from" ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75), it is reasonably clear that Madhok was trying to challenge the merits of the judgment (*In re Joshua S.* (2007) 41 Cal.4th 261, 272 [construing notices of appeal liberally " 'to protect the right of appeal if it is reasonably clear what [the] appellant was trying to

2

## I. Standard of Review and Legal Background

We review de novo a trial court's ruling on a motion for judgment on the pleadings—a motion that tests the allegations of a complaint, " 'supplemented by any matter of which the trial court takes judicial notice, to determine whether plaintiff . . . has stated a cause of action.' " (*Nicholson v. Fazeli* (2003) 113 Cal.App.4th 1091, 1098.)  Actions based on a title insurance policy must be filed two years from "the discovery of the loss or damage suffered by the aggrieved party." (§ 339, subd. (1).)  Where it appears from the face of a complaint that a cause of action is barred by the applicable statute of limitations, the plaintiff must plead facts that demonstrate "an excuse, tolling, or some other basis for avoiding the statutory bar." (*Ponderosa Homes, Inc. v. City of San Ramon* (1994) 23 Cal.App.4th 1761, 1768.)

## II. Analysis

Madhok does not renew the equitable tolling arguments that he made in the trial court.  Instead, Madhok now insists he timely filed his November 2019 complaint because he discovered the damage under his title insurance policy in February 2019—the date when he consulted different attorneys about Fidelity's contractual obligations—and not April 2017—the date that Fidelity rejected Madhok's claim.  Madhok, however, forfeited this argument

---

appeal from, and where the respondent could not possibly have been misled or prejudiced' "]; Cal. Rules of Court, rule 8.100, (a)(2)).  Indeed, the trial court's ruling on Madhok's motion to set aside the dismissal—stating that it "grants Defendant's motion for judgment on the pleadings"—likely confused Madhok over which order to appeal.  Further, Fidelity does not argue that it was prejudiced or misled by Madhok's notice of appeal.  We therefore exercise jurisdiction over the trial court's order granting judgment on the pleadings. (See *Joshua S.*, at p. 272.)

by failing to raise it below. (See *Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 530.)

Even if Madhok had preserved this argument, it is meritless. Madhok's ignorance of the legal theories underlying his cause of action against Fidelity is irrelevant for statute of limitations purposes. (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 897–898 ["the fact that an attorney has not yet advised him does not postpone commencement of the limitations period"].) A "limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the *facts* essential to his claim." (*Ibid*.) Here, Madhok filed his title insurance claim with Fidelity on or about April 2, 2017. Five days later, on April 7, 2017, Fidelity stated that it fulfilled its contractual obligations to Madhok and denied his claim. On that date, Madhok knew all the essential facts of his claim for loss or damages, and the two-year statute of limitations began to run, rendering his November 2019 complaint untimely. (See *ibid*.) Neither of Madhok's cited authorities, *Smeaton v. Fidelity Nat. Title* (1999) 72 Cal.App.4th 1000, and *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, alter this conclusion. (*Smeaton*, at p. 1004 [concluding the statute of limitations did not begin to run on claims under an insurance policy where the insurer had not yet issued the policy]; *Jolly*, at p. 1114 [statute of limitations in personal injury case, not contract, begins when "plaintiff suspects, or should suspect, that she has been wronged"].)

Madhok also claims he properly filed his complaint via fax on April 2, 2019, but the court clerk failed to properly process the document. (Cal. Rules of Court, rule 2.304 (a)-(b) [governing filing by fax].) He then refiled his complaint on November 7, 2019, after court clerks notified him that they

4

could not locate the complaint. Thus, he argues, he timely filed the complaint in April 2019.

True, parties may move for filing a document nunc pro tunc if there is a clerical error in failing to process a faxed document or an unknown error in transmitting the document. (Cal. Rules of Court, rule 2.304 (d).) But that motion must be accompanied by a transmission record and a sworn declaration affirming that the document was transmitted to the court, identifying the fax number to which it was sent, and affirming that the sending fax machine reported no transmittal error. (Cal. Rules of Court, rule 2.304 (d).) Although Madhok claims he provided proof of faxed filing to the trial court, the record does not contain any such proof. Madhok's complaint is therefore barred by the statute of limitations.

## DISPOSITION

The judgment is affirmed.

_____
Chou, J.*

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Burns, J.


A162163


---

* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.