Filed 2/16/23  Bryant v. Dept. of Transportation CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JESSE BRYANT, JR., | |
| Plaintiff and Appellant, | E077978 |
| v. | (Super. Ct. No. RIC1903462) |
| DEPARTMENT OF TRANSPORTATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge. Affirmed.

Jesse Bryant, Jr., in pro. per., for Plaintiff and Appellant.

Department of Transportation, Erin E. Holbrook, Chief Counsel, Alan M. Steinberg, Deputy Chief Counsel, Joann Georgallis, Assistant Chief Counsel, Cassandra Hoff, Deputy Attorney, for Defendant and Respondent.

I.

INTRODUCTION

Jesse Bryant, Jr. dba Financial Management Consulting (FMC) unsuccessfully bid on a government contract with the Department of Transportation (Caltrans). Caltrans then denied Bryant's bid protest and awarded the contract to a competitor. About two years after losing his bid protest, Bryant filed a petition for writ of mandate in the superior court. The trial court found Bryant's petition was untimely filed and entered judgment for Caltrans. We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2016, Caltrans issued a Request for Proposal to solicit proposals on a government contract. Bryant dba FMC and two other companies submitted proposals. FMC received the lowest score from the evaluation committee, so it was not awarded the contract. Caltrans issued a notice of intent to award the contract to CH2M, which received the highest score from the evaluation committee.

In February 2017, FMC filed a notice of intent to protest the award of the contract to CH2M. A month later, FMC filed their Detailed Statement of Protest. The thrust of their protest was that they should have received a higher score and thus should have been awarded the contract. After a hearing by written submission, the Department of General

2

Services (DGS) rejected the protest in June 2017.[1] CH2M was awarded the contract, which expired in June 2018.

Bryant sued Caltrans in the superior court in December 2017. The trial court sustained Caltrans's two demurrers with leave to amend. The court then sustained Caltrans's demurrer to Bryant's Second Complaint without leave to amend for failure to state a claim and uncertainty.

In June 2019, two years after DGS rejected Bryant and FMC's bid protest and about a year after the contract ended, Bryant filed a petition for writ of mandate under Code of Civil Procedure section 1094.5. Caltrans successfully demurred to the petition, and Bryant filed his operative amended petition in November 2019.

Caltrans eventually filed a motion for judgment on the pleadings (MJOP). Caltrans argued, among other things, that Bryant's petition was barred by the applicable 30-day statute of limitations (see Gov. Code, § 11523). The trial court agreed, granted the motion, and entered judgment for Caltrans. Bryant timely appealed.

---

[1] DGS has exclusive jurisdiction to review bid protests for consultant contracts. (See Pub. Contract Code, § 1034; Cal. Code regs, tit. 2, §§ 1195 to 1195.6.)

3

III.

DISCUSSION

Caltrans argues we should affirm the judgment because Bryant filed his petition long after the 30-day statute of limitations expired.[2] We agree.

Government Code section 11523's 30-day statute of limitations "governs the time for filing a petition for writ of administrative mandate [under Code of Civil Procedure section 1094.5] to obtain judicial review of the decision of an administrative agency" unless there are "more specific statutory provisions applicable to the agency." (*Ventura Coastal, LLC v. Occupational Safety and Health Appeals Board* (2020) 58 Cal.App.5th 1, 30; *Contractors' State License Board v. Superior Court* (2018) 28 Cal.App.5th 771, 776.) Bryant argued in the trial court that Code of Civil Procedure section 343 controls, not Government Code section 11523, and raises the argument again on appeal. We disagree.[3]

"Code of Civil Procedure section 343 states: 'An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.' It is a catchall provision that provides a statute of limitations in situations

_____

[2] We note that Bryant filed a 47-page opening brief totaling nearly the maximum 14,000 words permitted under California Rules of Court, rule 8.204(c)(1). Like his trial court briefs, his opening brief is dense, replete with arguments and authority, and difficult to follow. We have considered all of Bryant's arguments to the extent we can follow them, but we need only resolve the statute of limitations issue for the reasons discussed below.

[3] Bryant forfeited the arguments concerning the statute of limitations that he raises for the first time on appeal by failing to assert them in the trial court. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592 [arguments raised for the first time on appeal are forfeited].) We therefore decline to consider them.

4

where no specific limitations period applies." (*Geneva Towers Ltd. Partnership v. City of San Francisco* (2003) 29 Cal.4th 769, 773-774.) This provision does not apply here because Government Code section 11523 imposes a 30-day deadline to file a petition for writ of mandate to challenge the decision of an administrative agency like Caltrans. (See *Hansen v. Board of Registered Nursing* (2012) 208 Cal.App.4th 664, 669.) Bryant fails to show that Code of Civil Procedure section 343 (or any other provision) is a "more specific statutory provision[] applicable" to Caltrans that displaces Government Code section 11523's 30-day deadline as the applicable statute of limitations here.

DGS rejected FMC's bid protest in June 2017, and its decision became final immediately upon service. (See *Saint Francis Memorial Hospital v. State Dept. of Health* (2020) 9 Cal.5th 710, 718-720; *Millview County Water Dist. v State Water Resources Control Bd.* (2019) 32 Cal.App.5th 585, 594-596 [agency's decision is final when no further issues to decide]; see also Cal. Code regs., tit. 2, § 1195.2 [DGS may make "final disposition of the protest" after written hearing].) Under Government Code section 11532, Bryant had 30 days from then to file a petition for writ of mandate in the superior court. (See *ibid*.) He did not do so until June 2019, so his petition was not timely filed. Because his petition was untimely filed, the trial court correctly granted Caltrans's MJOP. (See *Ponderosa Homes, Inc. v. City of San Ramon* (1994) 23 Cal.App.4th 1761, 1772.) We therefore affirm the judgment and need not address the parties' remaining arguments. (See *ibid*.)

IV.

DISPOSITION

The judgment is affirmed.  Caltrans may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

MILLER

Acting P. J.

MENETREZ

J.